IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHELLE KUPETZ,<br><br>        Plaintiff,<br>  v.<br><br>LEGACY HEALTH,<br><br>        Defendant. | Case No.: 3:24-cv-01009-AN<br><br><br>OPINION AND ORDER |

Plaintiff Michelle Kupetz brings this action against her former employer, defendant Legacy Health. Plaintiff brings claims for religious discrimination under Oregon Revised Statutes ("ORS") § 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, under theories of wrongful termination, wrongful reduction in pay, retaliation, failure to accommodate, company-wide systemic discriminatory pattern or practice, and hostile work environment. On September 20, 2024, defendant filed a motion to dismiss, seeking to dismiss all but plaintiff's Title VII claim based on a failure to accommodate theory. For the reasons set forth below, defendant's motion is GRANTED, and all claims against defendant except plaintiff's Title VII failure to accommodate claim are DISMISSED.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain

1

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inference from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, a court's review is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[,]" as well as "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "Judicial notice under [Federal Rule of Evidence] 201 permits a court to notice an adjudicative fact if it is not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A fact is not subject to reasonable dispute if it is "generally known" or if it can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

## BACKGROUND

A.  **Factual Background**

1.  *The Complaint*

Plaintiff worked for twelve years as a nurse in the pediatric hematology and oncology department at defendant's Randall Children's Hospital. Compl., ECF [1], ¶ 16. Plaintiff alleges defendant imposed a COVID-19 vaccination mandate for which plaintiff requested a religious exemption based on

her sincerely held religious beliefs that conflicted with receiving the vaccine. *Id.* ¶ 17. Plaintiff's request "was denied[] on September 27, 2021" and she "was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021." *Id.* Prior to her termination, plaintiff alleges that she "endured bullying and derogatory comments from co-workers about her vaccine status and religious beliefs." *Id.* ¶ 18. She "spoke to her manager about how employees were treating each other and even the patients"; "lost sleep before her shifts due to the stress and anxiety of going to work in that environment"; and ultimately, her termination caused her "emotional distress and financial hardship." *Id.* ¶¶ 18-19.

Plaintiff alleges that she "has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission [("EEOC")] and is bringing this Complaint within the 90-day time limit allocated to her by statute." *Id.* ¶ 2. She alleges that she received a ninety-day right to sue letter on March 26, 2024, which would make her deadline to file suit June 24, 2024. *Id.*

    2.    *Additional Facts*

The following facts are not pleaded in plaintiff's complaint but are appropriately subject to judicial notice.

On August 15, 2022, plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI"). Decl. of Megan Bradford ("Bradford Decl."), ECF [10], ¶ 2, Ex. 1. The Court may take judicial notice of plaintiff's BOLI complaint because it is an "undisputed matter[] of public record[,]" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), whose relevance and authenticity plaintiff does not dispute, *see, e.g.*, *Chris v. Carpenter*, No. 3:21-cv-009240-SB, 2023 WL 2542010, at *3 (D. Or. Jan. 11, 2023) (taking judicial notice of BOLI complaint, EEOC charge, and right to sue letter), *report and recommendation adopted*, 2023 WL 2537840 (D. Or. Mar. 16, 2023). Upon its filing, plaintiff requested that her BOLI complaint also be cross-filed with the EEOC. Bradford Decl. ¶ 2, Ex. 1. In her BOLI complaint, plaintiff alleged that defendant failed to accommodate her religious beliefs, which conflicted with receiving a COVID-19 vaccine. *Id.*

On February 13, 2023, BOLI dismissed plaintiff's charge and issued her a letter giving notice of her right to sue, *id.* ¶ 3, Ex. 2, and, as noted in plaintiff's complaint, on March 26, 2024, the EEOC

issued plaintiff a letter giving notice of her right to sue, *id.* ¶ 4, Ex. 3. Both the BOLI and EEOC right to sue letters are appropriate for judicial notice as "undisputed matters of public record[,]" *Lee*, 250 F.3d at 690, whose relevance and authenticity plaintiff does not dispute, *see, e.g.*, *Chris*, 2023 WL 2542010, at *3.

**B.     Procedural Background**

Plaintiff initiated this action on June 24, 2024. *See* Compl., ECF [1]. Plaintiff brings Title VII and ORS § 659A.030 religious discrimination claims under various theories of liability, including failure to accommodate, disparate treatment, disparate impact, wrongful reduction in pay, retaliation, pattern-or-practice of discrimination, and hostile work environment. *Id.* ¶¶ 25, 32. On September 20, 2024, defendant filed the instant motion to dismiss, seeking to dismiss all of plaintiff's claims except her Title VII failure to accommodate claim. Def. Mot. to Dismiss ("Def. Mot."), ECF [9]. In her response, plaintiff "agreed to dismiss voluntarily all claims other than the failure to accommodate claims under Title VII and ORS § 659A.03[0]." Pl. Resp. Opp'n to Def. Mot. to Dismiss ("Pl. Resp."), ECF [20], at 1. Thus, the only issue before the Court is whether plaintiff's failure to accommodate claim under ORS § 659A.030 should proceed.

## DISCUSSION

Defendant moves to dismiss plaintiff's ORS § 659A.030 failure to accommodate claim on the basis that it "was filed outside the [ninety]-day period provided by [p]laintiff's administrative right-to-sue letter and is therefore untimely." Def. Reply Supp. Mot. to Dismiss ("Def. Reply"), ECF [24], at 1 (footnote omitted). Plaintiff does not dispute that she brought her claim outside the ninety-day period but argues that her claim is nevertheless timely under ORS § 659A.875 following its amendment by Senate Bill ("SB") 726, also known as the Oregon Workplace Fairness Act ("OWFA"), which plaintiff argues provides for a five-year statute of limitations. Pl. Resp. 3-4. Plaintiff relies on *Daniel v. Oregon Health & Sciences University*, which she argues establishes that the applicable statute of limitations for any claim brought under ORS § 659A.030 is *either* five years *or* ninety days following the issuance of a right to sue letter— "whichever is longer, not whichever is shorter." *Id.* at 4 (citing 262 F. Supp. 3d 1079, 1086-87 (D. Or. 2017)). Plaintiff points to Oregon's principles of statutory interpretation and the legislative history

4

underlying the OWFA and argues that this Court should rule in accord with *Daniel* and find plaintiff's state law claim to be timely.

The statute at issue, ORS § 659A.875, provides in relevant part:

"(1) Except as provided in subsection (2) of this section . . . [a] civil action under ORS 659A.885 alleging a violation of ORS [] 659A.030 . . . must be commenced not later than five years after the occurrence of the alleged violation.

(2) A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880."

In turn, ORS § 659A.820 allows a person aggrieved by an unlawful employment practice to file a complaint with BOLI. Or. Rev. Stat. § 649A.820(2).

In *Daniel*, a case decided in 2017, the court considered a former version of ORS § 659A.875 and held that the plaintiff was entitled to bring suit either ninety days after receipt of a right to sue letter or one year[1] after the unemployment action, "whichever is longer." 262 F. Supp. 3d at 1087. Following *Daniel*, in 2019, the Oregon legislature enacted the OWFA, which made certain textual changes to ORS § 659A.875. Plaintiff argues that at the time the legislature enacted the OWFA, *Daniel* "was the only operative caselaw analyzing the text of ORS 695A.875," meaning that "if the legislature disagreed with the *Daniel* interpretation, it had the opportunity to alter the text of the statute." Pl. Resp. 5. Plaintiff asserts that "[i]nstead, the legislature changed the text of the statute itself to ensure that it was abundantly clear that the interpretation given in the *Daniel* case was the correct one." *Id.*

Plaintiff also quotes excerpts from a letter submitted to the legislature by the Oregon Trial Lawyers Association ("OTLA") in support of the textual changes that the OWTA would make to ORS § 659A.875. The letter advocates for an extension of the period within which a plaintiff may come forward after an unlawful employment practice occurs. In relevant part, the letter states:

"[The OWFA] provides a more realistic timeframe for victims of unlawful discrimination and harassment to pursue a remedy, recognizing that it often takes victims more than a year to gather the nerve to come forward. It also ensures that employees who first provide their employer the opportunity to address the problem do not unwittingly lose the right to pursue

---

[1] In the version of the statute analyzed by the *Daniel* court, the allotted period was one year; the statute now allots a period of five years for certain claims.

their claim with [BOLI] or in court due to the passage of time."

Pl. Resp. 7 (quoting Christina Stephenson, *Testimony in Support of Senate Bill 726*, Hr'g Before the H. Comm. on the Judiciary, SB 726 A (May 9, 2019), https://olis.oregonlegislature.gov/liz/2019R1/Downloads/CommitteeMeetingDocument/198431 (last visited May 12, 2025). Plaintiff argues that the quoted language

> "is powerful evidence that the legislature was concerned about the possibility that a diligent plaintiff who quickly filed a complaint with [BOLI] might lose their claim if [BOLI] issued a right to sue letter within a year of the discriminatory act, and the plaintiff did not file a complaint within [ninety] days, even though they could have waited five years to file a complaint if they simply did not file an administrative complaint with [BOLI]."

*Id.*

Since *Daniel* was decided, courts in this district faced with the same issues[2] have repeatedly held that a plaintiff who elects to file a BOLI complaint must file any civil action based on the same claim within ninety days of the plaintiff's receipt of a right to sue letter from BOLI. *See Miller v. Legacy Health*, No. 3:24-cv-01073-IM, 2024 WL 4892736, at *3 (D. Or. Nov. 26, 2024); *South v. Legacy Health*, No. 3:24-cv-01093-AB, 2025 WL 404759, at *2 (D. Or. Feb. 4, 2025); *Bowerman v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01488-MC, 2024 WL 3276131, at *7-8 (D. Or. July 1, 2024); *Denton v. Shriners Hosp. for Children*, No. 3:23-cv-00826-JR, 2024 WL 5170359, at *3 (D. Or. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 1075324 (D. Or. Mar. 12, 2024); *Kneisler v. Legacy Health*, No. 3:24-cv-01011-IM, 2024 WL 5186643, at *5 (D. Or. Dec. 20, 2024); *Lovelady v. Legacy Health*, No. 3:24-cv-01014-SB, 2025 WL 713909, at *11-13 (D. Or. Feb. 14, 2025), *report and recommendation adopted*, 2025 WL 712813 (D. Or. Mar. 5, 2025); *Starks v. Legacy Health*, No. 3:24-cv-01072-IM, 2024 WL 5010941, at *2-3 (D. Or. Dec. 5, 2024); *Sharpe v. Shriners Hosps. for Children*, No. 3:24-cv-01268-IM, 2024 WL 5246893, at *2 (D. Or. Dec. 30, 2024); *Perez v. Legacy Health*, No. 3:24-cv-01038-AR, 2025 WL 643181, at *3-4 (D. Or. Feb. 12, 2025), *report and recommendation adopted*, 2025 WL 642234 (D. Or. Feb. 27, 2025). In fact, the same court that authored *Daniel* has itself since ruled in accord with other courts'

---

[2] Indeed, each of the cases cited herein (other than *Daniel*) involved the same plaintiff's counsel raising the same arguments.

interpretation and stated that it "no longer adheres to its holding in *Daniel*." *Perez*, 2025 WL 642234, at *2 n.2.

In both *Perez* and *Denton* (among other cases), the court considered identical issues to those presented by plaintiff here: *i.e.*, whether the textual changes to ORS § 659A.875, the proffered OTLA letter, and the legislature's silence as to *Daniel* when enacting the OWFA, are clear indications that the legislature intended to adopt *Daniel*'s holding. *Perez*, 2025 WL 643181, at *3-4; *Denton*, 2024 WL 5170359, at *1-5. In each case, the court was unpersuaded. The *Perez* court explained that,

> "[i]f the legislature had, as [the plaintiff] contends, intended to make clear that *Daniel*'s interpretation was correct, it could have done so. For starters, it could have changed the word 'must' to 'may' in subsection (2). It didn't, and the changes that it did make do not render subsection (2)'s 90-day time limit non-binding."

*Id.* at *4. Regarding the OTLA letter, the court in each case noted that the concerns raised therein do not address the effect of subsection (2) and are simply not implicated where, as here, a plaintiff has already come forward by filing a BOLI complaint. *Id.*; *see Denton*, 2024 WL 5170359, at *3 (explaining that "the letter suggests that the reason for extending the limitations period is inapplicable in such an instance given that the nerve to come forward has actualized and the evidence gathering power of BOLI utilized").

It is clear that plaintiff's state law claim is time-barred. The Court is persuaded by the great weight of authority that has held, contrary to *Daniel*, that the plain language of ORS § 659A.875 requires a plaintiff who elects to file a complaint with BOLI to bring any civil action based on the same claim within ninety days of receipt of a right to sue letter from BOLI. The Court is also persuaded by the weight of authority that has decisively rejected the very same arguments regarding legislative history, including plaintiff's arguments related to the OWFA's textual changes to ORS § 659A.875, the OTLA letter, and the legislature's silence as to *Daniel*. Dismissal of this claim with prejudice is appropriate. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (dismissal with prejudice is appropriate if amendment would be futile).

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, ECF [9], is GRANTED. Plaintiff's ORS § 659A.875 claims are DISMISSED with prejudice. Plaintiff's Title VII claims, other than

plaintiff's Title VII claim based on a theory of failure to accommodate, are DISMISSED without prejudice. As a result of this Opinion and Order, only plaintiff's Title VII failure to accommodate claim remains.

IT IS SO ORDERED.

DATED this 16th day of May, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge